**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| COMPETITIVE ACCESS SYSTEMS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 4:25-CV-886-SDJ |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., et al., | ) ) ) | |
| Defendants. | ) ) | |

**JOINT CONFERENCE REPORT**

Pursuant to the Court's Order Governing Proceedings (ECF 29), Plaintiff Competitive Access Systems, Inc. ("CAS") and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (together, "Samsung") hereby submit their Joint Conference Report, and propose the following:

### I.   CASE SCHEDULE

The parties' proposed revisions, except as noted below, account for weekends and holidays.

a. **Initial Disclosures (Fed. R. Civ. P. 26(a)(1)(A)) Deadline.** January 26, 2026 or within 14 days after the parties' Rule 26(f) conference, whichever is later.

b. **Disclosure of Asserted Claims & Infringement Contentions (P.R. 3-1) and Document Production Accompanying Disclosure (P.R. 3-2).** February 17, 2026 (10 days after Feb. 4, 2026).

c. **Deadline to Join Additional Parties.** March 11, 2026 (5 weeks after Feb. 4, 2026).

1

CORE/3530171.0013/236697855.1

d. **Service of Invalidity Contentions (P.R. 3-3) and Document Production Accompanying Invalidity Contentions (P.R. 3-4).** March 25, 2026 (The parties agree to a modest two-week extension of the invalidity contentions deadline.).

e. **Service of Mandatory Disclosures (ECF 29, Section I).** March 11, 2026 (5 weeks after Feb. 4, 2026).

f. **Exchange of Proposed Terms and Claim Elements for Construction (P.R. 4-1).** March 23, 2026 (45 days after Feb. 4, 2026).

g. **Exchange of Preliminary Proposed Claim Constructions and Extrinsic Evidence (P.R. 4-2).** April 10, 2026 (65 days after Feb. 4, 2026).

h. **Final Amended Pleadings.** May 6, 2026 (13 weeks after Feb. 4, 2026).

i. **Joint Claim Construction and Pre-Hearing Statement (P.R. 4-3).** May 11, 2026 (95 days after Feb. 4, 2026).

j. **Response to Amended Pleadings.** May 27, 2026 (16 weeks after Feb. 4, 2026).

k. **Opening Claim Construction Brief (P.R. 4-5(a)).** June 24, 2026 (140 days after Feb. 4, 2026).

l. **Submission of Technology Synopses/Tutorials.** July 1, 2026 (4 weeks before claim construction hearing).

m. **Responsive Claim Construction Briefing (P.R. 4-5(b)).** July 8, 2026 (2 weeks after June 24, 2026).

n. **Reply Claim Construction Briefing (P.R. 4-5(c)).** July 15, 2026 (7 days after July 8, 2026).

o. **Joint Claim Construction and Chart (P.R. 4-5(d)).** July 17, 2026 (10 days before claim construction hearing).

2

p. **Claim Construction Hearing Date.** The claim construction hearing is set for Wednesday, July 29, 2026, at 10:00 a.m. at the United States Courthouse, 7940 Preston Road, Plano, TX 75024.

q. **Amended Infringement Contentions (P.R. 3-6(a)(1)).** If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, that party may serve "Amended Infringement Contentions" no later than 30 days after service by the Court of its Claim Construction Ruling.

r. **Amended Invalidity Contentions (P.R. 3-6(a)(2)).** No later than 50 days after service by the Court of its Claim Construction Ruling.

s. **Privilege Logs.** August 24, 2026 (No later than 30 days before the close of fact discovery).

t. **Deadline for Initial Mandatory Disclosures.** September 2, 2026 (5 weeks after July 29, 2026).

u. **Mediation Details.** The parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator (if they are unable to agree on one), no later than September 9, 2026 (6 weeks after July 29, 2026).

v. **Deadline to Complete Fact Discovery.** September 23, 2026 (1 week before expert witness disclosures).

w. **Expert Witness Disclosures for Parties with Burden of Proof on an Issue (Fed. R. Civ. P. 26(a)(2)(B)) and Disclosure of Opinion of Counsel Defenses (P.R. 3-7).** September 30, 2026 (9 weeks after July 29, 2026).

3

x. **<u>Rebuttal Expert Witness Disclosures on Issues for Which Parties Do Not Bear the Burden of Proof (Fed. R. Civ. P. 26(a)(2)(B)).</u>** October 14, 2026 (11 weeks after July 29, 2026).

y. **<u>Mediation Deadline.</u>** October 21, 2026 (12 weeks after July 29, 2026).

z. **<u>Close of All Discovery.</u>** October 30, 2026 (approximately 13 weeks after July 29, 2026).

aa. **<u>Dispositive Motion Deadline.</u>** Each side (Plaintiff on the one hand and Defendants, collectively, on the other) shall file their dispositive and all other motions that may require a hearing (including but not limited to motions for summary judgment & *Daubert* motions) no later than November 18, 2026 (16 weeks after July 29, 2026). Regardless of the number of dispositive motions filed by a side, each side is limited to a total of sixty (60) pages for such motions in total.

bb. **<u>Joint Final Pre-Trial Order Preparation.</u>** The parties are responsible for contacting opposing counsel to determine how they will prepare the Joint Final Pre-Trial Order and Proposed Jury Instructions and Verdict Form no later than February 10, 2027 (5 weeks before final pre-trial conference).

cc. **<u>Motions *in Limine*.</u>** February 16, 2027 (30 days before final pretrial conference).

dd. **<u>Joint Final Pretrial Order.</u>** The parties must file the Joint Pretrial Order and exchange exhibits and deliver copies of exhibit list to Court no later than February 16, 2027 (30 days before final pretrial conference).

ee. **<u>Video Deposition Designations.</u>** February 17, 2027 (4 weeks before final pretrial conference). All other parties shall have seven (7) days to serve a response with any objections and requesting cross examination page/line numbers to be included.

4

      ff. **Responses to Motions *in Limine*; Objections to Evidence; Proposed Jury Instructions/Verdict Form; and Proposed Voir Dire Questions.** March 3, 2027 (2 weeks before final pretrial conference).

      gg. **Final Pretrial Conference.** The Final Pretrial Conference is set for March 17, 2027 at 1:30 p.m. at the United States Courthouse located at 7940 Preston Road, Plano, TX 75024.

      hh. **Jury Selection & Trial.** Jury Selection and Trial shall occur on a date to be determined at 10:00 a.m. at the United States Courthouse located at 7940 Preston Road, Plano, TX 75024.

## II.    SETTLEMENT.

Per the Court's Order (ECF 29), counsel for the parties discussed settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) conference. Given the early stage of the case and the lack of discovery, the parties do not believe settlement is likely at this time.

## III.    MEDIATION.

The parties believe that mediation may be appropriate in this case following discovery and resolution of several matters, including discovery of information pertinent to damages, infringement and/or validity of the patents, and resolution of claim construction issues, as set forth in the proposed schedule. The parties will discuss a potential mediator and will notify the Court once an agreed-upon mediator has been selected. If the parties are unable to agree on a mediator, they will request by September 9, 2026, that the Court appoint a mediator to assist in the matter.

CORE/3530171.0013/236697855.1

## IV.    LIMITATIONS OF DISCOVERY.

Subject to the modifications proposed herein, the parties agree to the discovery limitations proposed by the Court in Section J of the Court's Order Governing Proceedings, except for the following modifications. *See* ECF 29 at 5.

**Interrogatories:**

The parties propose that each Side may serve a maximum of twenty-five (25) interrogatories, consistent with the limit set forth in Federal Rule of Civil Procedure 33(a)(1), and that all responses shall be made on behalf of, and be binding on, all Defendants unless otherwise noted. To the extent the parties later seek to serve additional interrogatories, the parties will not object to serving additional interrogatories upon a showing of good cause.

**Requests for Admission:**

The parties agree that each side is limited to forty-five (45) requests for admissions and that all responses shall be made on behalf of, and be binding on, all Defendants unless otherwise noted. In addition, each side will be permitted to serve a reasonable number of requests for admission that seek an admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, or (c) whether a document or thing qualifies as a "printed publication" or other prior art as of a certain date under 35 U.S.C. § 102.

**Depositions:**

The parties propose the following modifications to the limitations with respect to depositions:

i.    **Fact Witness Depositions.**

a.    **Plaintiff's Proposal:** Each side is limited to seventy (70) hours of fact witness depositions, whether party or third party witnesses, including depositions under

6

Fed. R. Civ. P. 30(b)(1) and 30(b)(6). Depositions of experts and depositions on written questions of third-party custodians of business records do not count against these limits. No more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent.

b. **Defendants' Proposal:** Each side is limited to forty (40) total hours for depositions of party witnesses, including depositions under Fed. R. Civ. P. 30(b)(1) and 30(b)(6). Depositions of experts or third parties, including depositions on written questions of third-party custodians of business records, do not count against these limits. Each side is further limited to thirty (30) total hours for depositions of third-party witnesses (excluding experts). No more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent.

**Plaintiff's Position:** CAS believes there is good cause to modify the limitation on the number of deposition hours in the Court's Order (ECF 29 at Section J) from 40 hours to 70 hours. CAS's proposal follows the total time limitation set forth in Federal Rule of Civil Procedure 30. CAS believes the 70-hour limit is appropriate in this case because this is a technically-complex case that involves multiple direct and indirect (induced) infringement theories, including related to Defendants' devices capable of implementing Multipath Transmission Control Protocol (MPTCP), Access Traffic Steering, Switching, and Splitting (ATSSS), Access Traffic Steering, Switching, and Splitting – Low Layer (ATSSS-LL), E-UTRAN New Radio Dual Connectivity (EN-DC), or Multi-Radio Dual Connectivity (MR-DC) as specified in the Third Generation Partnership Project (3GPP). CAS must obtain discovery from three Defendants, as well as third parties, pertaining to seven Asserted Patents with priority dating back to 2002, dozens of asserted claims, multiple

CORE/3530171.0013/236697855.1

theories of infringement, and dozens of accused infringing products. Although Defendants also propose 70 hours of total fact deposition hours, Defendants propose setting additional restrictions on the number of deposition hours that can be taken of party witnesses versus third-party witnesses. CAS does not agree to this arbitrary division and there has been no meaningful discovery in this case to support splitting the deposition time with 40 hours for party depositions and 30 hours for third party depositions.  Moreover, Rule 30 is also agnostic and does not make any distinction between the time limitations for party and third-party fact witnesses.

**Defendants' Position:** The Court's standard forty-hour (40) limit for fact depositions is sufficient for depositions of party witnesses. Samsung simply requests clarification that expert depositions and third-party depositions are not counted against this forty-hour limit. Additionally, rather than "setting additional restrictions," to accommodate Plaintiff's request for up to seventy (70) hours of deposition time, Samsung proposes allowing thirty (30) hours for depositions of third-party witnesses, bringing the total hours of depositions to seventy (70).

Plaintiff's proposal significantly expands the Court's standard allotment of time for party depositions. But Samsung should not be forced to sit for up to 70 hours of party depositions (as Plaintiff proposes) when the Court's original limit of forty hours provides ample time for Plaintiff to examine Samsung's witnesses on all relevant factual issues. That Plaintiff chose to assert multiple patents on multiple theories does not create "good cause" to potentially burden Samsung with additional deposition time. Moreover, much of the information Plaintiff states it intends to explore will be provided through expert witness depositions and the Court's mandatory disclosures. *See* ECF 29 at § J (noting the "extensive disclosures required without a request from opposing party"). Because Plaintiff's request to expand the Court's limit of party depositions to

8

70 hours is unsupported and disproportionate to the needs of the case, the Court should accept Samsung's proposal.

    **ii.**    **Corporate Depositions.** Consistent with the limitations set forth in Federal Rule of Civil Procedure 30, a deposition of any one individual is limited to 7 hours, and a corporate deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition of 7 hours, even though more than one representative may be designated to testify on the noticed topics.[1]

    **iii.**    **Deposition Location.**

        **a.**  **In-Person Depositions.**

            **i.**  **Plaintiff's Proposal:** In-person depositions of witnesses will be subject to the geographic limitations set forth in Federal Rules of Civil Procedure 30 and 45 and relevant authority, as applicable.  Plaintiff agrees to confer with Defendants in good faith to select deposition locations that comply with the applicable rules and are convenient for the witnesses and the party taking the deposition.

            **ii.**  **Defendants' Proposal:** In-person depositions of witnesses in the United States shall be taken in the city where the witness resides or works for the witness's convenience or as otherwise agreed upon by the parties. Witnesses residing outside of the United States shall be

---

[1] For example, if one witness, such as Eric Delangis, is noticed for deposition as an individual witness and also designated as the sole corporate representative for the Rule 30(b)(6) deposition, the proposal would allow for up to 14 hours of deposition time of Mr. Delangis as individual and corporate witness. Similarly, if one side designates multiple individuals for the Rule 30(b)(6) deposition, the entire 30(b)(6) deposition remains subject to the 7-hour limitation, which shall be divided among all designated representatives. For example, if two witnesses are noticed for depositions as individual witnesses and also designated as corporate representatives for the Rule 30(b)(6) deposition, the proposal would allow up to 7 hours of deposition time for each individual in their personal capacity and up to 3.5 hours of corporate testimony per witness if the 7 hours were split evenly.

9

produced for deposition in the city where they reside or work for the witness's convenience or as otherwise agreed upon by the parties. For witnesses that reside in the Republic of Korea, the producing party agrees to make such witnesses available at a mutually agreeable location in South Korea or by virtual deposition, if requested, without involving any South Korean authorities, unless otherwise required by applicable law.

**Plaintiff's Position:** Contrary to Defendants' position, neither Rule 30 nor any standing order of this Court imposes a one-size-fits-all requirement that witnesses be deposed where they live or work; instead, deposition location is governed by the flexible framework of Rules 26, 30, and 45. Rule 45 protects third-party witnesses through its 100-mile limits, and CAS agrees to adhere to those constraints. For party witnesses, the Rules commit location to case-specific proportionality and good-cause considerations under Rules 26(b)(1) and 26(c), not rigid presumptions. Locking in a residence- or work-based rule now—before the parties even identify the witnesses—would undermine proportionality, increase costs, and foreclose efficient, centralized scheduling (for example, grouping depositions in a mutually convenient forum to minimize travel, interpreter, and duplication burdens). The cases Defendants cite in their proposal do not provide otherwise— Samsung focuses on cases related to corporate representative depositions when its proposal would apply to all in-person witnesses. *See, e.g.*, *Salter v. Upjohn Co.*, 593 F.2d 649, 650 (5th Cir. 1979). Further, Samsung ignores the nuances in this case where there are three corporate entities named as Defendants, which each reside in different locations and have differing principal places of business (ECF 30 at ¶¶ 3-5). For example, Defendant Samsung Electronics America, Inc. ("SEA") is organized under the laws of New York and has a principal place of business in New Jersey.

10

Under Defendants' contradictory proposal, if a corporate witness for SEA resides or works in Korea, that deposition would have to occur in Korea even though the corporation, SEA, is not principally operating from Korea.

A neutral, rules-based approach—tethered to Rules 30 and 45 and the Court's broad discretion under Rule 26—preserves flexibility to tailor locations to witness convenience and party needs, while ensuring third-party protections and encouraging the parties to confer in good faith to select compliant and efficient venues.

**Defendants' Position:** Samsung has asserted no affirmative claims in this action and seeks to follow the standard practice of having witnesses residing outside of the United States be produced for deposition in the city where they reside or work for the witness's convenience, or as otherwise agreed upon by the parties. Samsung's proposal aligns with the Federal Rules and local practice, provides clarity, and mitigates potential concerns regarding local formalities, approvals, or procedures in Korea, which further reduces any alleged undue burden.

With respect to a deposition of a corporation, the Fifth Circuit applies a presumption that such depositions should occur at its principal place of business. *Salter v. Upjohn Co.*, 593 F.2d 649, 652 (5th Cir. 1979) ("It is well settled that . . . the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, *especially when, as in this case, the corporation is the defendant*.") (quotes omitted) (emphasis added); *see also Better Mouse Co., LLC v. Steelseries APS*, No. 2:13-cv-00198-RSP (E.D. Tex. June 19, 2015) (Plaintiff has "the substantial burden of overcoming the presumption that such a [30(b)(6)] deposition should occur at the [foreign] principal place of business of the Defendant.").

Samsung deponents who reside or work in Korea should be allowed to sit for their depositions in Korea and not have to travel to the United States. *See, e.g., Motion Games, LLC v.*

11

CORE/3530171.0013/236697855.1

*Nintendo Co., Ltd.*, No. 6:12-cv-878-JDL, 2014 WL 5306961, at *3, *6 (E.D. Tex. Oct. 16, 2014) (finding that deposing a corporate representative in a foreign country is not a "per se peculiar or extraordinary circumstance" that would justify departing from the general rule); *Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, No. 2:18-cv-00014-JRG-RSP, 2019 WL 350405, at *1 (E.D. Tex. Jan. 7, 2019) (noting "that depositions are frequently conducted in Korea for United States cases" and "[n]o peculiar or extraordinary circumstances exist to justify departing from the general rule that a corporate representative's discovery deposition should be taken at or near the corporation's principal place of business."). Forcing Samsung's witnesses residing in Korea to travel to the United States would be unduly burdensome and unnecessarily cost Samsung significant loss in its employees' work and productivity.

Plaintiff's proposal, on the other hand, relies on the Federal Rules to govern deposition locations. But the Federal Rules provide no express guidance on the location of party depositions. Plaintiff offers no justification to hold open the ability to force Samsung to bring witnesses residing in Korea to the United States. Absent a showing to the contrary, the "risk of prejudice" to Plaintiff is "slight and the inconvenience of appearing in the U.S. for defendants' foreign witnesses is significant." *E.g.*, *MedioStream, Inc. v. Microsoft Corp.*, Civ. Act. No. 2:08-cv-369, Dkt. No. 444, at 1 (E.D. Tex. Aug. 31, 2010). Although Plaintiff asks for "flexibility to tailor locations to witness convenience," its "wait and see" approach brushes aside Defendants' stated concerns regarding the convenience of foreign witnesses and will likely lead to disagreements in the future. Defendants' proposal also includes language—"or as otherwise agreed upon by the parties"—that provides flexibility to the parties. Defendants respectfully request that the Court adopt their proposal.

CORE/3530171.0013/236697855.1

b. **Remote Depositions.** Any remote depositions will take place at the local business time of the witness. Remote depositions may be conducted upon the request of the party taking the deposition without restricting whether the other party participates in person.

iv. **Expert Witness Depositions.** Each side is limited to five (5) testifying expert witnesses. Each expert witness may be deposed for up to 7 hours per report on different issues. No more than seven (7) hours of deposition may be taken of one person in one day without the consent of the deponent. For the avoidance of doubt, if any supplemental expert reports are permitted by the Court or otherwise agreed by the parties after serving the initial or rebuttal disclosures provided by the scheduling order, the parties shall meet and confer in good faith over any additional deposition time. Expert witness depositions will not count toward the limit of 40 hours of deposition per side.

## V.   PERSONS EXPECTED TO BE DEPOSED.

Plaintiff expects the following individual(s) to be deposed: Eric Delangis. Plaintiff expects to depose Defendants' corporate representatives about information including but not limited to: Defendants' products that are capable of implementing MPTCP, ATSSS, ATSSS-LL, EN-DC or MR-DC that infringe on the asserted patents, Defendants' profits from sales of the infringing products, Defendants' prosecution of its own patents, Defendants' knowledge or notice of the asserted patents, and Defendants' affirmative defenses and counterclaims, if any, in this action. Plaintiff also expects to depose representatives of third-party customers of Defendants regarding the alleged infringing conduct.

13

CORE/3530171.0013/236697855.1

Defendants expect to depose at least certain Plaintiff or predecessor employees, representatives, or agents, named inventors, and/or prosecuting attorneys or agents knowledgeable about Plaintiff's claims or information concerning the asserted patents, including but not limited to Plaintiff's business, alleged inventorship, prosecution, prior art, invalidity, unenforceability, valuation, ownership, FRAND, licensing, sale, and/or enforcement, along with experts to be disclosed by Plaintiff. To the extent necessary, Defendants may also depose representatives of third parties regarding components or prior art.

The parties reserve the right to depose additional persons as they become known through the discovery process.

## VI.   ISSUES RELATED TO DISCLOSURE OF INFORMATION (ESI AND OTHERWISE), INCLUDING THE FORM(S) IN WHICH IT SHOULD BE PRODUCED AND/OR TIMING OF PRODUCTION.

The Parties have included the timing for disclosing Mandatory Disclosures in the proposed schedule.

The parties will seek entry of an order governing the discovery of electronically stored information ("ESI Order"). The parties will meet and confer regarding an ESI Order that sets forth their obligations for producing such information as well as the preservation of discoverable information.

## VII.   PRESERVING DISCOVERABLE INFORMATION.

The parties do not believe that a specific Preservation Order is necessary in this case. To the extent a Preservation Order later becomes necessary to protect any documents and/or electronically stored information, the parties will seek such an order at the appropriate time.

## VIII.   PROTECTIVE ORDERS PURSUANT TO FED. R. CIV. P. 26(c) AND/OR FED. R. CIV. P. 16(c).

14

CORE/3530171.0013/236697855.1

The parties believe entry of a Protective Order is appropriate in this case. Although the Court entered a Protective Order as part of its Order Governing Proceedings (ECF 29), the parties will meet and confer and submit a modified proposed Protective Order for entry by the Court.

## IX.   ESTIMATED TRIAL TIME.

The parties anticipate trial will require about 5-7 days.

## X.   ATTORNEYS FOR PARTIES AT THE MANAGEMENT CONFERENCE.

Counsel to appear at the Management Conference for Plaintiff Competitive Access Systems, Inc. will be Scott Eidson and Kevin Robinowitz.

Counsel to appear at the Management Conference for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America will be Melissa Smith and Benjamin Schlesinger.

## XI.   OTHER MATTERS.

a.   **Privilege Logs.** Notwithstanding the provisions of Section VII, the parties agree that privilege logs need not be exchanged for documents or communications created or communicated after August 15, 2025, unless expressly relied on by a party or party's witnesses.

b.   **Expert Discovery.** The parties agree that the protections provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports.

c.   **Third Party Discovery.** The parties may conduct third-party discovery by serving deposition subpoenas and document subpoenas. A party serving a subpoena on a third party in this matter shall immediately provide a copy to the other parties. A party scheduling a deposition of a third party shall provide notice of the deposition date to all parties at least seven (7) days prior to the deposition. A party receiving

15

documents from a third party pursuant to a subpoena will reproduce those documents to the other parties within five (5) business days of receipt of the documents, and, when practicable, within a reasonable time before the scheduled deposition date. If reproduction of documents within five (5) business days is not feasible, the receiving party shall promptly notify the other parties and work in good faith to resolve the issue on a case-by-case basis. This paragraph does not change the existing obligations and requirements set forth in Fed. R. Civ. P. 45 or other Federal Rules of Civil Procedure.

Dated: <u>January 20, 2026</u>                                 Respectfully submitted,


By: */s/ B. Scott Eidson*

B. Scott Eidson (LEAD ATTORNEY)
Missouri Bar No. 57757
Timothy D. Krieger
Missouri Bar No. 57832
Julie C. Scheipeter
Missouri Bar No. 65978
Christopher R. Clayton
Missouri Bar No. 69692
Austin Diehl
Missouri Bar No. 75528
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 863-0800
Facsimile: (314) 259-3924
Email: scott.eidson@stinson.com
Email: tim.krieger@stinson.com
Email: julie.scheipeter@stinson.com
Email: chris.clayton@stinson.com
Email: austin.diehl@stinson.com

Kevin P. Robinowitz
Texas Bar No. 24000917

16

CORE/3530171.0013/236697855.1

2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: kevin.robinowitz@stinson.com

Judith S. Araujo,
Colorado Bar No. 54102
1144 Fifteenth St., Ste. 2400
Denver, CO 80202
Telephone: (303) 376-8400
Facsimile: (303) 376-8439
Email: judith.araujo@stinson.com

*Attorneys for Plaintiff Competitive Access
Systems, Inc.*

By: */s/ Parmanand K. Sharma*

Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Gerald F. Ivey
Parmanand K. Sharma (*pro hac vice*)
Daniel F. Roland (*pro hac vice*)
Joseph M. Myles (*pro hac vice*)
Victor Palace (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
gerald.ivey@finnegan.com
parmanand.sharma@finnegan.com
daniel.roland@finnegan.com
joseph.myles@finnegan.com
victor.palace@finnegan.com

17

CORE/3530171.0013/236697855.1

Charles H. Suh (*pro hac vice*)
Yi Yu (*pro hac vice*)
Luke MacDonald
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
Telephone: (571) 203-2700
Facsimile: (202) 408-4400
charles.suh@finnegan.com
yi.yu@finnegan.com
luke.macdonald@finnegan.com

Benjamin R. Schlesinger (*pro hac vice*)
Shawn S. Chang (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
Telephone: (404) 653-6400
Facsimile: (202) 408-4400
benjamin.schlesinger@finnegan.com
shawn.chang@finnegan.com

Alex Park (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
Telephone: (617) 646-1600
Facsimile: (617) 646-1666
alexis.park@finnegan.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc., and*
*Samsung Research America, Inc.*

18