UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COMPETITIVE ACCESS SYSTEMS, INC. | § § § | |
| v. | § § | CIVIL NO. 4:25-CV-886-SDJ |
| SAMSUNG ELECTRONICS CO., LTD., ET AL. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Pending Ex Parte Reexamination. (Dkt. #41). Therein, Defendants request a stay pending resolution of the U.S. Patent and Trademark Office's *ex parte* reexamination proceedings for all patents at issue in this action. (Dkt. #41 at 5). The motion has been fully briefed. (Dkt. #42, #44). After considering the motion, the parties' briefing, and the applicable law, the Court concludes that the motion should be granted.

## I. BACKGROUND

On August 15, 2025, Plaintiff Competitive Access Systems, Inc. ("CAS") brought this suit against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (together, "Samsung") for the alleged infringement of U.S. Patent Nos. 7,606,156 ("the '156 Patent"); 8,228,801 ("the '801 Patent"); 8,861,349 ("the '349 Patent"); 9,350,649 ("the '649 Patent"); 10,868,908 ("the '908 Patent"); 11,418,641 ("the '641 Patent"); and 11,582,343 ("the '343 Patent") (together, the "Asserted Patents"). (Dkt. #30 ¶ 1).

Four months later, non-party Apple Inc. filed *ex parte* reexamination ("EPR") petitions for each of the Asserted Patents, accounting for all ninety-five claims at

1

issue in this action.[1] (Dkt. #41 at 5, 7). The U.S. Patent and Trademark Office ("USPTO") granted all seven EPR requests, finding that there were substantial new questions of patentability. (Dkt. #41 at 7); *see, e.g.*, (Dkt. #41-1 at 17) (granting EPR for all claims of the '156 Patent). Thereafter, Samsung filed this request for a stay pending resolution of the EPR proceedings.

## II. LEGAL STANDARD

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). How best to manage a docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. Relevant here, courts generally consider three factors when deciding whether to stay litigation pending USPTO reexamination: (1) "whether discovery is complete and whether a trial date has been set," (2) "whether a stay will simplify the issues in question and trial of the case," and (3) "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). "The party seeking a stay bears the burden of showing that such a course is

---

[1] Plaintiff CAS filed suit against Apple Inc. for patent infringement in the Northern District of California on May 30, 2025. CAS claims infringement by Apple Inc. of the same seven patents as the case before this Court. *See Competitive Access Sys. v. Apple, Inc.*, No. 5:25-CV-4595-PCP, (Dkt. #71) (amended complaint).

appropriate." *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-86 RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017).

### III. DISCUSSION

Samsung contends that all three discretionary factors weigh in favor of staying this case, pending resolution of the seven EPR proceedings. (Dkt. #41 at 5–6). CAS disagrees. (Dkt. #42). The Court will address each factor in turn.

### A. Stage of the Case

For the first factor, courts consider how far litigation has progressed. Staying a case at an early junction can "advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims." *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F.Supp.2d 486, 494 (D. Del. 2013) (quoting *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5 (D. Del. Jan. 11, 2013)) (citation modified). On the other hand, when a request "comes after discovery is complete or nearly complete, and a trial is imminent, a stay is less likely to be granted." *SenoRx, Inc.*, 2013 WL 144255, at *5. In such circumstances, after significant resources have already been expended, "the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion." *Id.* It should come as no surprise then that "[m]otions to stay pending reexamination are most often granted when the case is in the early stages of litigation." *Id.*; *see also, e.g.*, *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 06-514 GMS, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007) (staying case

where "no scheduling [o]rder [was] in place, no discovery ha[d] taken place, and little time ha[d] yet to be invested in the litigation").

Courts generally evaluate the stage of the case as of the time the motion was filed. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). However, finding the reasoning in *Trover Grp., Inc. v. Dedicated Micros USA* persuasive, this Court will consider the stage of proceedings based on the time briefing of the stay motion has finished, because that is "the earliest point at which it would have been practical for the Court to issue a stay." No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *3 (E.D. Tex. Mar. 11, 2015).

Here, Samsung filed its motion to stay on March 2, 2026. (Dkt. #41). In support of the request, Samsung asserts that this case is in its earliest stages because the scheduling order was only recently entered, *see* (Dkt. #40) (entered February 5, 2026), "little discovery has occurred," and the parties exchanged initial disclosures in late January 2026. (Dkt. #41 at 8–9). CAS disagrees with Samsung's rendition of events. According to CAS, it served the first set of interrogatories on January 28, 2026, and the infringement contentions on February 17. (Dkt. #42 at 8). CAS also states that the parties served their respective mandatory disclosures on March 11. (Dkt. #42 at 8). Based on these actions, CAS argues that "significant activity has occurred" so as to weigh against the requested stay. (Dkt. #42 at 8).

Taking the parties' dates and arguments into consideration, it is apparent that the parties are actively engaged in discovery. This is not a case in which the proceedings before the Court are at such an early stage that a stay would have no

material effect on the proceedings. *See, e.g., Trover Grp., Inc.*, 2015 WL 1069179, at *3 (similar). Even so, the most important events in this litigation have yet to occur. *See SenoRx, Inc.*, 2013 WL 144255, at *5 (listing the *Markman* hearing, the completion of expert discovery, the filing of case-dispositive motions, and the setting of a trial date as the "most significant case events in this litigation"). Fact discovery is not scheduled to conclude until September 2026. (Dkt. #40 at 3) (scheduling order). And, a stay entered at this point still "has the potential to save the parties substantial expenses that would be incurred" in the post-*Markman* phase of litigation and in going to trial. *See AR Design Innovations LLC v. Ashley Furniture Indus., Inc.*, No. 4:20-CV-392-SDJ, 2021 WL 6496714, at *3 (E.D. Tex. Jan. 11, 2021). Thus, while the stage of litigation does not weigh in favor of granting a stay, it does not weigh against it either. *See, e.g., EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-CV-116, 2009 WL 9506927, at *4 (E.D. Tex. Dec. 18, 2009) (finding the factor neutral under similar circumstances). The Court concludes that this factor is neutral.

**B. Simplification**

The simplification factor is "typically the most important of the three factors." *KIPB LLC v. Samsung Elecs. Co., Ltd.*, No. 2:19-CV-56-JRG-RSP, 2019 WL 6173365, at *2 (E.D. Tex. Nov. 20, 2019); *see TC Tech. LLC v. Sprint Corp.*, No. 16-153-WCB, 2021 WL 4521045, at *4 (D. Del. Oct. 4, 2021) (similar). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-11-RSP, 2016 WL

1162162, at *1 (E.D. Tex. Mar. 23, 2016) (internal quotation marks omitted). In the context of EPRs, district courts have found a stay appropriate when "there is a significant likelihood that the outcome of the reexamination proceeding will streamline the scope of [a] case to an appreciable extent if not dispose of it entirely." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-361-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021) (internal quotation marks omitted).

Samsung argues that a stay is warranted in this case because all ninety-five asserted claims across all seven Asserted Patents are pending reexamination before the USPTO, and because "as of September 30, 2025, 77.8% of EPR requests that reached a final certificate resulted in claim changes or cancellation." (Dkt. #41 at 10). Given that all seven requests for reexamination have been granted, Samsung asserts that the EPR proceedings will undoubtedly narrow the scope of discovery and eliminate the need for claim construction, expert discovery, and damages for at least a subset of the asserted claims, thereby simplifying the issues before this Court. (Dkt. #41 at 11). In response, CAS asserts that 22.2% of EPR proceedings resulted in all claims being affirmed and that only 14.5% of EPRs resulted in all claims being invalidated. (Dkt. #42 at 10). CAS also highlights the fact that there has not been an Office action[2] in any of the EPRs, (Dkt. #42 at 10), and that EPRs do not carry the same estoppel effect as *inter partes* review ("IPR") proceedings, *see* (Dkt. #42 at 5).

---

[2] When Office actions reject claims "in an [EPR] proceeding . . . the asserted claims that have been rejected in the reexamination proceedings are almost surely to be modified in some material way in response to their rejection[.]" *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-CV-225-JRG, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021). Hence, "there is a serious risk of wasted resources" for the parties and the Court if the case were to proceed to trial on those rejected claims. *Id.* This scenario weighs in favor of a stay.

Based on these assertions, CAS argues that the question of simplification is too speculative here to justify Samsung's requested stay. (Dkt. #42 at 9–10).

At the outset, the Court notes that all of the asserted claims at issue in this action are under review. Other courts in this district have routinely stayed cases where the Patent Trials and Appeal Board ("PTAB") has instituted IPR proceedings or the USPTO has granted EPRs as to all claims of all asserted patents. *AGIS Software Dev. LLC*, 2021 WL 465424, at *2. On the other hand, when proceedings have only been instituted on less than all asserted claims, motions to stay pending IPR or EPR proceedings have been denied. *Id.* The reasoning behind this approach being that, where all claims have been granted review, "the Court understands that all the claims may potentially be modified, dropped, or canceled in light of such parallel proceedings." *Id.*; *see also id.* (explaining that proceedings instituted on less than all asserted claims leave "at least one or more originally asserted claims . . . unaffected by the outcome of those parallel proceedings and . . . intact before [the] Court to be tried"). Thus, the fact that EPR proceedings have been instituted for all of the asserted claims of all Asserted Patents in this case leans in favor of a stay under this factor.

Even so, the reality is that EPR and IPR proceedings are not equal for purposes of simplifying issues before the Court. For IPRs, the most important inquiry in determining whether to stay litigation pending review is usually whether the PTAB has acted on the petition for review. *AR Design Innovations LLC*, 2021 WL 6496714, at *3. This is partially because instituted IPR proceedings have an estoppel effect in

7

certain situations while EPR proceedings do not. *KIPB LLC*, 2019 WL 6173365, at *2. In contrast, "[w]ithout any estoppel provision in place for [EPRs], those proceedings are . . . less likely to result in simplification of the issues" even if reexamination is granted. *Id.* A defendant could reargue issues of invalidity that were considered during reexamination. *EON Corp. IP Holdings, LLC*, 2009 WL 9506927, at *2 (observing that "the issues before the Court would not be simplified because the Court could be burdened with considering issues that had been raised to the PTO"). Consequently, where the question of whether PTAB has instituted IPR proceedings is critical for an IPR-based stay request,[3] the fact that reexamination has been granted for EPRs does not carry the same weight for a stay request based solely on EPR proceedings.

As a result, although EPR proceedings have been instituted for all of the asserted claims at issue here, it remains unlikely that all of the claims will be invalidated—a 14.5% probability—and the potential remains that Samsung may reargue the same issues of invalidity presented to the PTO by third-party Apple Inc. On the other hand, however, there is also a substantial likelihood that at least some of the claims will be impacted by the EPR proceedings; all ninety-five claims are under reexamination and, on average, about three out of every four claims are changed or cancelled upon reaching a final certificate. Simplification of some issues

---

[3] *See Ericsson Inc.*, 2016 WL 1162162, at *2 (observing that "since the circuit court's decision in *VirtualAgility*, courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings") (referring to *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014)); *see also Trover Grp., Inc.*, 2015 WL 1069179, at *5–6 (collecting cases).

in this case is therefore a real possibility, although it remains to be seen whether the resulting simplification will be to "an appreciable extent," *AGIS Software Dev. LLC*, 2021 WL 465424, at *2. The Court thus concludes that this factor weighs in favor of a stay.

## C. Prejudice

For the final factor, the Court considers whether the requested stay "will unduly prejudice or present a clear tactical disadvantage to" CAS. *See Soverain Software LLC*, 356 F.Supp.2d at 662. The question of whether a nonmovant will be unduly prejudiced by a stay in district court proceedings "focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc.*, 759 F.3d at 1318. Similarly, concerning the potential for a tactical disadvantage resulting from a stay, courts have looked to whether the movant possessed a "dilatory motive," which would point against a stay. *Id.* at 1319 (internal quotation marks omitted).

In support of a stay, Samsung argues that CAS waited more than four years before filing suit against Samsung, and that this delay alone weighs against a finding of undue prejudice. (Dkt. #41 at 13). Additionally, Samsung asserts that it and CAS are not direct competitors—CAS is a non-practicing entity—and that CAS, if it prevails, will be adequately compensated through monetary damages for any alleged infringement. (Dkt. #41 at 13–14). CAS responds by asserting that it is entitled to the timely enforcement of its patent rights and that there is a risk of losing critical evidence if the stay is imposed and discovery is postponed. (Dkt. #42 at 13–14). Specifically, for evidence, CAS has identified a patent attorney who may be familiar

9

with the original patent application from 2002. CAS is concerned that this potential witness "may already be elderly or difficult to locate." (Dkt. #42 at 14).

For the following reasons, the Court concludes that CAS will not be unduly prejudiced or face a clear tactical disadvantage if the stay is granted. First, although CAS is correct that it has a right to the timely enforcement of its patent rights, courts in this district have repeatedly recognized that delay "is present in every case in which a patentee resists a stay, and is therefore not sufficient, standing alone, to defeat a motion to stay." *AR Design Innovations LLC*, 2021 WL 6496714, at *2. Along the same lines, "[w]hen a patentee seeks exclusively monetary damages, mere delay in collecting those damages does not constitute undue prejudice." *Id.* Here, CAS is only seeking monetary damages against Samsung, thus CAS's concern for timely enforcement of its patent rights is not grounds for a finding of undue prejudice.[4]

---

[4] The Court is also cognizant of the fact that these are the first EPR challenges filed against the '156, '801, '349, '649, '641, and '343 Patents. Previously, each of these patents has been challenged with IPR petitions, but PTAB denied each petition for discretionary reasons. *See* (Dkt. #41-1 at 6, 16) (explaining that the '156 Patent was subject to a single Office post-grant challenge: an IPR petition on August 4, 2025); (Dkt. #41-2 at 6, 15) (explaining that the '801 Patent was subject to a single Office post-grant challenge: an IPR petition on August 5, 2025); (Dkt. #41-3 at 6, 17) (explaining that the '349 Patent was subject to a single Office post-grant challenge: an IPR petition on August 4, 2025); (Dkt. #41-4 at 5, 10–11) (explaining that there have been no previous reissues or reexaminations of the '649 Patent, and that two prior IPRs were terminated before reaching the merits of either challenge); (Dkt. #41-6 at 7–8) (explaining that the '641 Patent was subject to a single Office post-grant challenge: an IPR petition on August 5, 2025); (Dkt. #41-7 at 6) (explaining that the '343 Patent was subject to a single Office post-grant challenge: an IPR petition on August 1, 2025). Hence, the EPR proceedings for these patents are not successive proceedings by the same petitioner, which could appear to function as a delay tactic against a patentee-plaintiff.

As for the '908 Patent, another third-party petitioner, Unified Patents LLC, previously filed an EPR in October 2023. Therein, the petitioner challenged claims 1–3, 5, 6, and 13–15 of the '908 Patent. These claims were rejected in October 2024, and CAS appealed. The appeal is currently pending before PTAB. Thereafter, Apple Inc. filed the EPR at issue here challenging remaining claims 4, 7–12, 16 and 17 of the '908 Patent. (Dkt. #41-5 at 5).

10

(Dkt. #30 at 99–100). Additionally, the Court notes that other district courts have found that a patentee's status as a "non-practicing entity, which does not manufacture or sell the products covered by the patents in suit and seeks to collect licensing fees, . . . favors a stay." *Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*, No. 11-176-LPS, 2011 WL 5523315, at *4 (D. Del. Nov. 14, 2011); *Polaris Powerled Techs., LLC v. Dell Techs. Inc.*, No. 1:22-CV-973-RP, 2023 WL 5282381, at *4 (W.D. Tex. Aug. 15, 2023) (same).

Next, turning to CAS's concern for potential third-party witnesses, CAS has not provided any evidence that these individuals are in ill health or otherwise in imminent danger of becoming unavailable.[5] Further, CAS has only speculatively raised the need for these witnesses, making this concern more tentative. *See* (Dkt. #42 at 14) (stating that the third-party witnesses "may be required").

In sum, CAS has not identified any concern that warrants a finding of undue prejudice beyond the delay inherent in EPR proceedings. Thus, for the reasons

---

Thus, the two outstanding EPRs do not overlap, and this is not a scenario where a successive EPR is challenging the same claims a second time. As for other post-grant challenges to the '908 Patent, both prior IPRs were terminated for discretionary reasons. (Dkt. #41-5 at 7, 22–23) (explaining that there have been two prior IPRs for the '908 Patent, but that both were terminated before reaching the merits). Hence, the second EPR proceeding for this patent is not a successive proceeding against the same claims by a petitioner, which could appear to be designed as a delay tactic against a patentee-plaintiff.

[5] If CAS believes that a deposition of a potential third-party witness is needed to preserve testimony, then CAS can request to depose the witness under Rule 27 of the Federal Rules of Civil Procedure. "This rule gives district courts the authority to grant a petition authorizing a deposition to perpetuate testimony even before a lawsuit has been brought, and also applies when a case is otherwise stayed." *VirtualAgility Inc.*, 759 F.3d at 1319; *see also id.* (explaining that the court in *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967), found that "concerns over advanced age of a witness could be alleviated by permitting a deposition to preserve testimony, and did not prevent a stay").

provided, the Court concludes that this factor weighs in favor of the requested stay. *See, e.g., PersonalWeb Techs., LLC v. Apple Inc.*, 69 F.Supp.3d 1022, 1029 (N.D. Cal. 2014) ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay.").

\* \* \*

The Court finds as follows on each of the discretionary factors: (1) the stage of the litigation neither favors nor weighs against a stay, (2) the EPR proceedings are likely to simplify the issues before the Court to some extent, which weighs in favor of a stay, and (3) CAS will not face undue prejudice if the stay is granted, which weighs in favor of the requested stay. Having weighed the relevant factors, the Court concludes that the balance of those factors warrants the requested stay.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Stay Pending Ex Parte Reexamination, (Dkt. #41), is **GRANTED**.

It is further **ORDERED** that this matter, including all deadlines and hearings, is **STAYED** pending further order of the Court.

It is further **ORDERED** that the parties shall file a joint status report addressing the status of the EPR proceedings every ninety (90) days. The first joint status report must be submitted no later than **August 26, 2026**.

**So ORDERED and SIGNED this 28th day of May, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

12